**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARJORIE P. DUNSTAN and
FREDERICK R. DUNSTAN,

    Plaintiffs,

vs.                                            CASE NO. 3:07-cv-713-J-32TEM

WAL-MART STORES EAST, L.P., a
limited partnership of Delaware, registered
and doing business in Florida,

    Defendant.
_____

**O R D E R**

    This case is before the Court on Defendant Wal-Mart's Motion to Compel More Complete Rule 26(a)(1)(C) Disclosures (Doc. #27, Motion to Compel), filed February 4, 2008. Plaintiffs filed their Opposition to Defendant's Motion to Compel on February 7, 2008 and attached the First Amendment to Plaintiffs' Initial Disclosures (Doc. #29, Opposition). Accordingly, the matter is now ripe for review.

    Defendant moves this Court to compel Plaintiffs to provide more detailed damages information and the phone numbers of individuals likely to have discoverable information (Doc. #27 at 2, 4). In accordance with Federal Rule of Civil Procedure 26, Rule 26 provides "a party must, without awaiting a discovery request, provide to other parties . . . the name, and, if known, the address and telephone number of each individual likely to have discoverable information . . . [and] a computation of each category of damages claimed by the disclosing party . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i), (iii). Rule 26 further states "[a]

party must make its initial disclosures based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E).

Motions to compel disclosures and other discovery under Rule 37(a)[1] are committed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

According to Defendant, Plaintiffs' initial disclosures failed to fully satisfy the requirements of Rule 26(a)(1)(C) because the disclosures did not set forth the phone numbers for individuals likely to have discoverable information (Doc. #27 at 4), nor did the disclosures provide sufficient categories of damages, amounts of the damages, and any computational information (Doc. #27 at 2). After Defendant filed its motion to compel, Plaintiffs supplemented their initial disclosures with an amendment to Plaintiffs' initial disclosures (Doc. #29 at 4-13). The amendment included computations of some of the categories of alleged damages and the telephone numbers of individuals likely to have discoverable information (Doc. #29 at 4-13). However, it appears Plaintiffs' computations in the amended disclosures are not sufficiently detailed to meet the requirements of Federal Rule 26(a)(1)(A)(iii) in all of the damages categories.

"Plaintiffs should be able to make a good faith estimate of damages and methods of calculations based on the information available at this stage of the litigation, while

---

[1] Rule 37(a)(4) states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." In addition, Rule 37(a)(1)(A) provides "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."

reserving the right to amend their calculations." *LeBlanc v. Unifund CCR Partners, G.P.*, No. 8:06-cv-1216-T-TBM, 2007 WL 2446900, at *1 (M.D. Fla. Aug. 23, 2007). Moreover, Rule 26(e) provides a duty to supplement prior disclosures and amend discovery responses as appropriate during the course of litigation. *See* Fed. R. Civ. P. 26(e). If estimates are made which might be subject to revision after the deposition of Dr. Hatten, as Plaintiffs contend, that is entirely permissible, but the requirements of Rule 26 cannot be avoided. Defendant is entitled to such information in order to prepare for any settlement discussions, mediation and trial of this cause. *See Dixon v. Bankhead*, No. 4:00CV344-WS, 2000 WL 33175440 (N.D. Fla. Dec. 20, 2000).

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch v. E.I. DuPont Nemours and Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996). Plaintiffs are reminded of their obligation to participate fully in discovery. Discovery in this case is scheduled for completion not later than June 2, 2008 (*see* Doc. #22, Case Management and Scheduling Order, at 1).

As to the disputed matter currently before the Court, Plaintiffs supplemented the initial disclosures, but did so only after Defendant filed the instant motion to compel. The revised wording of Rule 37(a)(5)(A) mandates:

3

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (Dec. 2007).  Thus, it is incumbent upon Plaintiffs to show cause why the Court should not order them to pay Defendant's reasonable expenses, including attorney's fees, incurred in connection with the motion to compel.  *See, e.g.*, *Morgan v. St. Lawrence,* No. CV406-263, 2008 WL 618828, at *2 (S.D. Ga. Mar. 5, 2008); *Dykes v. Mitchell*, No. 4:07-CV-733 CAS, 2008 WL 544983, at *2 (E.D. Mo. Feb. 26, 2008).

Accordingly, after due consideration of the parties' positions, it is hereby

**ORDERED:**

1. Defendant's Motion to Compel (Doc. #27) is **GRANTED IN PART** to the extent that within **ten (10) days** of the date of this Order, Plaintiffs shall provide Defendant with amounts that reflect their best estimations of damages sought for each category of damages previously identified by Plaintiffs.

2. Plaintiffs shall also file a written statement within **ten (10) days** of the date of this Order, showing cause why the Court should not order they pay Defendant's reasonable expenses, including attorney's fees, incurred in connection with the motion to compel.  If the parties are able to meet and agree on terms regarding the outstanding issue of Defendant's reasonable expenses incurred in bringing this motion, the parties may submit a joint statement to the Court.  If the parties are unable to meet and agree on said

issue, Defendant may respond to Plaintiffs' statement with the filing of a motion for Rule 37 sanctions within ten days of service of the statement.

    3.  The parties are encouraged to proceed forthwith in accordance with the Case Management and Scheduling Order (Doc. #22).

    **DONE AND ORDERED** at Jacksonville, Florida this 9th day of May, 2008.

Copies to all counsel of record
    and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

5